## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| CLIFFORD W. EAGLE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and the FEDERAL PRISON ADMINISTRATION,<br><br>Defendants. | CV 14-26-BLG-SPW-CSO<br><br><br>ORDER TO TRANSFER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On October 15, 2014, the Court allowed Eagle an opportunity to show cause why his Federal Tort Claims Act claims for personal injuries suffered while in prison should not be dismissed for failure to timely file a notice of claim with the United States and properly complete the administrative review process. *ECF 4.* Eagle responded that he has filed two tort claims. The first was submitted regarding an October 2009 incident at the United States Penitentiary in Florence, Colorado. The second tort claim was submitted against the United States Penitentiary in Tucson, Arizona regarding a February 2011 incident. *See ECF 5 at 7.*

1

Based upon these representations, the Court will not recommend dismissal of Eagle's claims for failure to comply with the notice of claim provisions of the Federal Tort Claims Act, but does finds that this District is an improper venue for Eagle's claims regarding the injuries he may have suffered while incarcerated with the Bureau of Prisons.

The Federal Tort Claims Act provides for venue in either (1) the judicial district where the plaintiff resides, or (2) the judicial district where the act or omission complained of occurred. 28 U.S.C. § 1402(b). According to the Oklahoma Department of Corrections website, Eagle is currently incarcerated in Greer County, Oklahoma. *See* http://www.ok.gov/doc (Accessed November 25, 2014). The case will be transferred to the Western District of Oklahoma.

28 U.S.C. §1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." It is in the interest of justice to transfer this case to Western District of Oklahoma.

Accordingly, the Court issues the following:

# ORDER

This matter is transferred to the United States District Court for the Western District of Oklahoma.

Further, the Court issues the following:

# RECOMMENDATIONS

Eagle's claims regarding his wrongful conviction and/or incarceration should be dismissed for the reasons set forth in the Court's Order of October 15, 2014.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Eagle may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

DATED this 26th day of November, 2014.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge