IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CLIFFORD W. EAGLE,                          )
                                            )
              Plaintiff,                    )
                                            )
                                            )      CIV-14-1330-M
v.                                          )
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
              Defendant.                    )

SUPPLEMENTAL REPORT  AND  RECOMMENDATION

On March 4, 2014, Plaintiff, a state prisoner currently incarcerated at the Oklahoma

State Reformatory, Granite, Oklahoma, filed a Complaint in the United States District Court

for the District of Montana.  Although it is difficult to discern the nature of his action, it

appears Plaintiff is seeking monetary relief from Defendant United States of America[1] under

the Federal Tort Claims Act,  28 U.S.C. § 1346(b), for being "wrongfully incarcerated" in

the custody of the Bureau of Prisons[2] and for injuries sustained in two physical assaults, one

---

[1]Plaintiff named the United States of America and the "Federal Prison Administration" as
Defendants in the style of the Complaint.  However, in the body of the Complaint, Plaintiff indicates
that the only Defendant he wishes to name is the United States of America.  Complaint (Doc. # 1),
at 5.  The United States of America is the only proper Defendant in an action brought under the
Federal Tort Claims Act.  See 28 U.S.C. § 1346(b)(1).  Hence, Defendant "Federal Prison
Administration" should be dismissed from the action at Plaintiff's voluntary request and as an
improper party.

[2]Plaintiff has attached to the Complaint a copy of an Order Granting § 2255 Motion and
Vacating Conviction in United States v. Eagle, Case Nos. CR-08-63 and CIV-12-51, United States
District Court for the District of Montana. Complaint (Doc. # 1), att. 1.  The Order grants Plaintiff's
28 U.S.C. § 2255 motion to vacate, vacates the Judgment of conviction entered against him on

1

of which allegedly occurred at the United States Penitentiary in Florence, Colorado, on "Oct. 13 or 14 2009," and the other of which allegedly occurred at the United States Penitentiary in Tucson, Arizona, on February 10, 2011.  Complaint (Doc. # 1), at 6.

Plaintiff paid the full filing fee for the action, and the action was transferred to this Court on December 2, 2014, pursuant to an Order to Transfer and Findings and Recommendations of United States Magistrate Judge filed November 26, 2014, by United States Magistrate Judge Ostby.

Judge Ostby recommended that Plaintiff's claims regarding his wrongful conviction and/or incarceration be dismissed.  This recommendation has been adopted by Chief United States District Judge Miles-LaGrange, and those claims have been dismissed from this action.

On January 9, 2015, the matter was referred by Chief United States District Judge Miles-LaGrange to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).   Because the record in this action reflects that Plaintiff has taken no action since the filing of the Complaint to serve the Defendant with process as required by Rule 4(m), Federal Rules of Civil Procedure and that more than 120 days had passed since the Complaint was filed, Plaintiff was directed by Order entered January 13, 2015, to show cause on or before February 2, 2015, why his cause of action should not be dismissed without prejudice for failure to timely effect service of process upon the Defendant.  Order (Doc.

January 16, 2009, and directs that Plaintiff be "discharged from supervision and fully released from all custody and any and all consequences of custody and conviction." Id.

#10).

In response to the show cause Order, Plaintiff has submitted a one-page letter addressed "To whom it may concern." (Doc. # 12). In this letter, Plaintiff requests "at least" a six-month extension of time to serve Defendant. The only reason given for the request is his alleged inability to obtain legal counsel. Plaintiff provides no information concerning any attempts to serve the Defendant with process. In a second letter addressed to the Clerk of this Court (Doc. # 13), Plaintiff indicates that he is indeed seeking relief under the Federal Tort Claims Act and that he needs an extension of time to serve the Defendant because he is experiencing delays in obtaining legal counsel and receiving "medical records are [sic] the tort claim I requested."

Rule 4(m) provides that if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice." Rule 4(m) further provides, however, that the court may extend the time for service if the plaintiff shows "good cause" for the failure to timely serve the defendant. "If good cause is shown, the plaintiff is entitled to a mandatory extension of time.' Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the cause without prejudice or extend the time for service." Id.

Plaintiff was cautioned in the Order entered January 13, 2015, that his cause of action

could be dismissed without prejudice if he did not show good cause for the lack of service.

His letters to the Court, which are construed as his response to the Order entered January 13, 2015, do not demonstrate good cause for Plaintiff's failure to serve the Defendant with process in the more than ten months that this cause has been pending. Plaintiff has provided only irrelevant assertions that he has been busy collecting evidence and attempting to hire an attorney. Although Plaintiff's incarceration may render it difficult for Plaintiff to litigate his action, Plaintiff's status as a *pro se* litigant does not relieve him of his "obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure," Merryfield v. Jordan, 584 F.3d 923, 924 n. 1 (10th Cir. 2009)(quotations and citation omitted), as well as local rules of procedure. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). See Murphy v. City of Tulsa, 556 Fed. App'x. 664, 667 (10th Cir. 2014)(unpublished op.)(noting Tenth Circuit has "adopted the general principle that pro se litigants must follow the strictures set forth in Rule 4, . . ., which of course includes the 120-day timeline, *see* Fed.R.Civ.P. 4(m)).

"If [a] plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the cause without prejudice or extend the time for service." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).

Plaintiff acknowledges in his responsive pleadings that he has family members available to assist him, but he does not indicate what, if any, steps he or any of his family

4

members have taken to serve Defendant with process.  Plaintiff is not proceeding *in forma*

*pauperis*, and he has not alleged any reason for not serving Defendant with process between

the filing date of the action in March 2014 and the present date, well past the expiration of

the 120-day period for completing service provided by Rule 4(m).  Further, there is no

indication that the limitations period for Plaintiff's Federal Tort Claims Act action would bar

a refiled action.  For these reasons, it is recommended that the cause of action be dismissed

without prejudice for Plaintiff's failure to comply with his obligation under Fed. R. Civ. P.

4(m) to timely serve the Defendant with process.


## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be

dismissed without prejudice due to Plaintiff's failure to comply with his obligation under

Fed. R . Civ. P. 4(m) to timely serve the Defendant with process.  Plaintiff is advised of his

right to file an objection to this Supplemental Report and Recommendation with the Clerk

of this Court by ___March 2[nd]___, 2015, in accordance with 28 U.S.C. § 636.  The failure to

timely object to this Supplemental Report and Recommendation would waive appellate

review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991);

cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time

in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the

undersigned Magistrate Judge in the captioned matter, and any pending motion not

specifically addressed herein is denied.

DATED this    10th    day of    February   , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE